■ In the Matter of MATTHEW W., Appellant, v MEAGAN R., Respondent. [891 NYS2d 30]—

No basis exists to disturb the court's finding that while the parties are both fit to act as custodial parent on most counts (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]), the ability to nurture a relationship between the child and the noncustodial parent tips the scales in favor of the mother (*see Victor L. v Darlene L.*, 251 AD2d 178, 179 [1998], *lv denied* 92 NY2d 816 [1998]; *Matter of Osbourne S. v Regina S.*, 55 AD3d 465 [2008]). Evidence of the father's hostility toward the mother and intentional undermining of her role in the child's life is ample, including his maligning the mother in the child's presence, his failure to abide by the court's directive that there be telephone contact between the child and mother while the child was staying with the father, and his enrolling the child in a school in Westchester County without consulting the mother and without providing the school with the mother's contact information. The

father's claim that the Law Guardian, who recommended that custody be given to the mother, and who was substituted in the proceeding after the father had rested his case and the court-appointed psychologist had testified, did not review the testimony that was taken prior to her substitution is pure speculation; moreover, the claim was not raised at the hearing and therefore is not preserved. The record also supports the court's decision not to follow the custody recommendation of the court-appointed psychologist since, as fully explained by the court, the persuasive force of the expert's testimony was diminished by evidence relating to the mother's rehabilitation and the father's hostility toward the mother, which evidence was generated after the expert's interview of the parties, preparation of her report, and testimony about that report early on in this protracted hearing (see *Zelnik v Zelnik*, 196 AD2d 700 [1993]; *Matter of Hopkins v Wilkerson*, 255 AD2d 319 [1998]). We have considered the father's other arguments and find them unavailing, except to the extent of the indicated modification. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.