■ In the Matter of DIANE T., Appellant, v LYDIA TAMELKA T. et al., Respondents. [994 NYS2d 100]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about February 27, 2013, which, after a hearing, dismissed petitioner grandmother's article 6 petition for visitation of the subject children, unanimously affirmed, without costs.

Initially, we reject petitioner' contention that she had a right to assigned counsel pursuant to Family Ct Act § 262 (*see Matter of Randolph W. v Commissioner of Social Servs.*, 105 AD3d 414 [1st Dept 2013], *lv dismissed* 21 NY3d 1034 [2013]).

Petitioner failed to demonstrate that she had standing to pursue visitation, or that visitation would be in the subject children's best interests (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]). Petitioner visited the subject children twice after their births, and was unable to demonstrate a sufficient existing relationship with them. She also failed to show that conditions exist where "equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182-183 [1991]).

Even assuming petitioner had standing, the evidence shows

that the Family Court properly determined that the children's best interests would be served by denying the petition, particularly as petitioner lacked any meaningful relationship with the children (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.