■ In the Matter of ALBERTINA C., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents. [4 NYS3d 167]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 25, 2013, which denied petitioner grandmother's petition for custody and motion for visitation with the subject child, unanimously affirmed, without costs.

There is no presumption that it is in a child's best interest for custody to be awarded to a relative, and the sole issue in a custody proceeding is the best interests of the child (*see* Domestic Relations Law § 72 [2] [a]; Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The court properly found that it was not in the child's best interests to award the grandmother custody because the grandmother failed to appreciate the danger to the child in permitting the mother access, where the mother viciously beat the child's five-year-old brother and failed to provide him with medical assistance for four days, until he died. The grandmother refused to acknowledge the mother's role in the sibling's demise, and testified that her daughter was an "excellent" mother.

With respect to visitation, the court properly undertook a two-part inquiry, and found, first, that the grandmother had established the right to be heard based on her testimony concerning her relationship with the child. However, the court also properly concluded that visitation was not in the child's best interests because of the grandmother's flawed understanding of the death of the child's brother, the testimony of the foster mother that, following visits, the child became defiant and aggressive, and the child's therapists' report that the visits were detrimental to the child (*see Matter of Wilson v Mc-Glinchey*, 2 NY3d 375, 380 [2004]). Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.