■ In the Matter of Mohamed Z.G., Appellant, v Mairead P.M., Respondent. [11 NYS3d 146]—

Order, Family Court, Bronx County (Sue Levy, Ref.), entered on or about June 13, 2014, which dismissed petitioner father's petition seeking visitation with the subject children, unanimously affirmed, without costs.

Three days before the father commenced this proceeding seeking visitation, the Referee had issued, upon the father's default, an order granting respondent mother sole custody of the children and an order of protection directing the father to stay away from the mother and the children for two years. Under these circumstances, the Referee, whose familiarity with the case enabled her to make an informed determination, properly dismissed the visitation petition after the father presented his case at the hearing, because the father failed to meet his burden of showing that there had been a change in circumstances warranting modification of the order of protec-

tion and that visitation would be in the children's best interests (*see Matter of Luis F. v Dayhana D.*, 109 AD3d 731 [1st Dept 2013]; *Matter of Stitzel v Brown*, 1 AD3d 826, 827-828 [3d Dept 2003]). Among other things, the father's testimony showed that he failed to recognize the effect his actions had on the children and had not addressed the issues that led to the order of protection being issued against him, and thus the requisite evidentiary basis existed for the Referee's finding that modifying the order to allow visitation would not be in the children's best interests (*see Matter of Craig S. v Donna S.*, 101 AD3d 505 [1st Dept 2012], *lv denied* 20 NY3d 862 [2013]; *Matter of Frank M. v Donna W.*, 44 AD3d 495 [1st Dept 2007]).

Contrary to the father's contention, the Referee was not required to order a forensic evaluation because she possessed sufficient information to make a comprehensive and independent review of the children's best interests after having issued the custody order and order of protection, following an inquest, just days earlier (*see Matter of Susan A. v Ibrahim A.*, 96 AD3d 439 [1st Dept 2012]).

The father's contention that the Referee erred in relying upon the statements of the children's attorney concerning the views of the children's therapists is unpreserved (*see e.g. Matter of Matthew W. v Meagan R.*, 68 AD3d 468, 469 [1st Dept 2009]), and we decline to review the issue in the interest of justice. Nevertheless, in a different context, the better practice would be for the court to hear directly from the therapists, either through testimony or a report.

Although the better practice would have been for the Referee to conduct an in camera interview with the children, who were 10 and 11 years old at the time of the hearing, under the circumstances before us it was appropriate for the attorney for the children to inform the court of the children's preference not to have contact with the father (*see Matter of Gloria DD. [Brenda DD.]*, 99 AD3d 1044, 1046-1047 [3d Dept 2012]).

In any event, any error in considering the statements of the attorney for the children would be harmless given the father's failure to meet his prima facie burden to establish that there had been a change of circumstances that warranted the modification of the order of protection and that visitation would be in the children's best interests. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.