■ In the Matter of NAIREN McI., Appellant, v CINDY J., Respondent. [27 NYS3d 854]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about October 18, 2014, which, after a hearing, denied petitioner father's petition to, among other things, modify a final custody order to require that the parties' child live in New York State, and granted respondent mother's petition to, among other things, permit her and the child to relocate to Tennessee, unanimously modified, on the law and the facts, to grant the father expanded parenting time with the child to the extent indicated in this decision, and otherwise affirmed, without costs.

Family Court's relocation determination has a sound and substantial basis in the record, as the mother established, by a preponderance of the evidence, that relocation to Tennessee would serve the best interests of the child (*Matter of Tropea v Tropea*, 87 NY2d 727, 739, 741 [1996]). The mother testified regarding the improvement in the child's academic performance in her Tennessee school, compared to her performance in her former Bronx school; the improvement in, and reduced cost of, health care in Tennessee for the mother's younger daughter; and the general improvement in the family's quality of life, including the lower cost of living and housing, and the mother's ability to obtain employment in Tennessee (*see Matter of Kevin McK. v Elizabeth A.E.*, 111 AD3d 124, 130-131 [1st Dept 2013]). In addition, the child prefers to remain in Tennessee with her mother (*Matter of Aliyah B. [Denise J.]*, 87 AD3d 943, 944 [1st Dept 2011]). Moreover, the father's failure to pay child support is a factor in support of relocation (*Matter of Kevin McK.*, 111 AD3d at 128, 131, 133). There is no basis to disturb Family Court's credibility determinations.

In accordance with the child's request, Family Court's order should be modified to increase the father's parenting time with the child to the extent of permitting the child to spend all school recesses during the school year of longer than four days with the father. According to the child's school calender, those recesses currently consist of "Fall Break," "Winter Break," and "Spring Break & Good Friday." In addition, the summer recess shall be equally split between the parents. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.