Matter of Nadine T. v Lastenia T. (2018 NY Slip Op 03436)





Matter of Nadine T. v Lastenia T.


2018 NY Slip Op 03436


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6509

[*1]In re Nadine T. Petitioner-Respondent, 
v
Lastenia T., Respondent-Appellant, Dejurnette L.N., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Neal D. Futerfas, White Plains, for Nadine T., respondent.
Kenneth M. Tuccillo, Hasting on Hudson, for Dejurnette L.N., respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for the child.



Order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about April 14, 2017, which, after a hearing, granted the petition for modification of custody to award sole custody of the subject child to petitioner, and authorized petitioner to relocate to North Carolina with the child, unanimously affirmed, without costs.
The court properly determined that petitioner sufficiently demonstrated the requisite change in circumstances so as to warrant modification of the 2007 order, which, inter alia, granted joint custody of the child to all three parties (see generally Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]). The record shows it has been petitioner who has solely provided the child with a safe, stable and loving home and tended to all of his educational, medical and therapeutic needs (see e.g. Matter of Lopez v Robinson, 25 AD3d 1034, 1036 [3d Dept 2006]). After the relationship between petitioner and respondent Lastenia T. ended, Lastenia made no contact with the child for months at a time and made minimal efforts to participate in his upbringing. The record also shows that Lastenia had issues including medical problems and did not have stable housing.
Regarding respondent birth mother Dejurnette, the record supports the finding that extraordinary circumstances existed so as to award custody to petitioner (see generally Matter of Jerrina P. [June H.-Shondell N.P.], 126 AD3d 980, 981 [2d Dept 2015]). Dejurnette handed over physical custody of the child to petitioner and Lastenia in 2003, when he was three months old, and, thereafter maintained very little contact with him. She has also taken no financial responsibility, or any other role in the child's care, and there is no indication that the child has a relationship with Dejurnette's other four children. Accordingly, there has been such an extended disruption of the birth mother's custody of the now 15-year-old child, that petitioner clearly has standing to litigate with respect to the child's best interests (see Matter of Colon v Delgado, 106 AD3d 414 [1st Dept 2013]; Matter of Dianne M. v Princess R.F., 82 AD3d 481 [1st Dept 2011]).
The court's determination that the best interests of the child dictated an award of custody to petitioner is supported by the fair preponderance of the evidence (see Matter of Joseph S. v Michelle R.F., 3 AD3d 446, 447 [1st Dept 2004]). The now 15-year-old child has resided with petitioner for virtually his entire life, and petitioner has provided him with a loving home, where she has tended to his needs and where he is thriving. The child's need for continued stability greatly weighs in favor of a grant of sole custody to petitioner (see Friederwitzer v Friederwitzer, [*2]55 NY2d 89, 94 [1982]; Matter of Lightbody v Lightbody, 42 AD3d 537, 538 [2d Dept 2007], lv denied 9 NY3d 1017 [2008]), and petitioner is the only party who has demonstrated an ability to care for the child, including his educational and emotional needs, as well as his schooling, activities and therapy (Matter of Louise E.S. v W. Stephen S., 64 NY2d 946 [1985]). She has also indicated a willingness to facilitate relationships between the child and Dejurnette and Lastenia (see Matter of Matthew W. v Meagan R., 68 AD3d 468 [1st Dept 2009]). The court also afforded appropriate weight to the child's expressed preference to remain with petitioner (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
The court's determination to allow petitioner to relocate to North Carolina has a sound and substantial basis in the record (see Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]). Petitioner demonstrated that her economic situation would be improved by the move as she would be able to continue to work as a home health aide, earning more per hour, and would also be able to work more hours because her mother and sister would be able to care for the child while she was at work. Petitioner receives no financial support from Lastenia or Dejurnette (see Nairen McI. v Cindy J., 137 AD3d 694, 695 [1st Dept 2016]), and would have a support system in North Carolina, including her mother, brother, sister and extended family.
Notwithstanding Dejurnette's and Lastenia's limited involvement in the child's care, and that their visitation with him has been, alternately, nonexistent and inconsistent, the court granted substantial visitation in New York, with the parties to share the cost. Petitioner also stated that Lastenia and Dejurnette were welcome to visit anytime in North Carolina, and she would encourage telephone contact as well (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; see also Dexter A. v Georgia G., 120 AD3d 1106 [1st Dept 2014]).
In light of Lastenia's unpersuasive excuses, as well as the appearance of numerous parties and attorneys and the time-sensitive nature of the proceedings, the court properly denied Lastenia's requests for adjournments. Lastenia's counsel
participated in her absence, and she had a full and fair opportunity to participate in the proceedings.
We have considered Lastenia's and Dejurnette's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK