Matter of Juliette S. v Tykym S. (2018 NY Slip Op 07960)





Matter of Juliette S. v Tykym S.


2018 NY Slip Op 07960


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7677

[*1]In re Juliette S., Petitioner-Appellant,
v
Tykym S., Respondent-Respondent.


Curtis, Mallet-Prevost, Colt & Mosle LLP, New York (Elena Rizzo of counsel), for appellant.
Andrew J. Baer, New York, for respondent.



Order, Family Court, New York County (Adam Silvera, J.), entered on or about September 26, 2017, which granted respondent's application to dismiss the petition to modify an order of custody and visitation, unanimously reversed, on the law, without costs, and the matter remanded to the Family Court for a hearing consistent with this decision.
Where a parent seeks to modify a formal custody agreement she has executed, she must show that there has been sufficient change in circumstances since the execution of the agreement, and that modification is in the best interests of the child (Matter of Sergei P. v Sofia M., 44 AD3d 490 [1st Dept 2007]). The court entertaining such a petition need not hold a hearing where petitioner has failed to make a showing of changed circumstances sufficient to warrant one (Matter of Ronald S. v Dierdre R., 62 AD3d 593, 594 [1st Dept 2009]). Even if the requisite prima facie showing of changed circumstances is made, the court need not hold a hearing where it possesses sufficient information to make a comprehensive and independent review of the child's best interests (Matter of Mohamed Z.G. v Mairead P.M., 129 AD3d 516, 517 [1st Dept 2015]).
Here, the parties executed a custody and visitation agreement on April 25, 2017. The mother filed a petition to modify it on June 29, 2017. The Family Court improperly dismissed the mother's petition without a hearing.
The Family Court's order dated September 26, 2017 dismissed both the mother's modification petition and the father's enforcement petition "due to withdrawal." Although the father withdrew his enforcement petition on the record on September 20, 2017, the Family Court's written order gives no other reason for dismissal of the mother's modification petition.
At the parties' first and only appearance on the petitions on September 20, 2017, the father presented to the court and the mother's attorney for the first time a copy of a letter from the New York State Office of Children and Family Services Child Abuse and Maltreatment Register to the father dated July 20, 2017 stating that the local child protective services office had determined that a report made against him on June 12, 2017 was "unfounded." The court then made clear that it was dismissing the mother's petition solely on the basis of that letter. This was not a sufficient basis upon which to dismiss the mother's petition for three reasons.
First, the Family Court improperly denied the mother an opportunity to respond to the "unfounded" letter, which was hearsay. Moreover, although the father apparently had it in his possession for approximately two months, he did not provide it to her until the September 20 court appearance.
Second, in her petition, the mother alleged changed circumstances based in part on a school social worker's having advised her on June 12, 2017 that the social worker had made a child abuse report stating that the mother's 11-year-old son (the father's stepson) had reported [*2]that the father had assaulted him during a visit [FN1]. While that report may have been the subject of the "unfounded" letter, the mother's petition was also based on statements made to her by the parties' child and the older child on nine occasions between May 23 and June 16, 2017 that the father interrogated them about what they said to their therapist and pressured them to say they wanted to live with him; that they were afraid of the father and no longer wished to visit with him; and that they feared that the father would shoot the children with his gun. Accordingly, even if the "unsubstantiated" letter referred to the report made by the older child's school social worker, that letter did not disprove the mother's uncontroverted assertion that, both before and after that report was made, the children had expressed fear of and a desire not to visit with the father. Indeed, if, as the father's attorney alleged, the attorney for the parties' child during the custody litigation had advocated for the child's preference to reside primarily with his father, this was a marked change in the child's attitude since the custody agreement. This was sufficient to require a hearing to determine the basis for the parties' son's expressed fear of his father, and whether modification of the father's parenting time was in the child's best interests.
Finally, to the extent that Family Court was making a determination that the parties' child's fear of his father was unfounded based on the "unsubstantiated" letter, and that modification was therefore not in the child's best interests, this was error. Since this was the parties' first appearance before this judge, the court did not have sufficient information about the parties and their child to make a comprehensive and independent determination about the child's best interests (Mohamed Z.G., 129 AD3d at 517).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK



Footnotes

Footnote 1:The custody agreement provided that the older child could accompany the parties' son on visits, but did not condition visitation between the father and the parties' child on the older child's presence.