Matter of Bunita B. v Mark P. (2018 NY Slip Op 08185)





Matter of Bunita B. v Mark P.


2018 NY Slip Op 08185


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7747 7746

[*1]In re Bunita B., Petitioner-Appellant,
v
Mark P., Respondent-Respondent.
In re Mark P., Petitioner-Respondent,
v
Bunita B., Respondent-Appellant.


Douglas H. Reiniger, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Christopher W. Coffey, Referee), entered on or about March 9, 2017, which, after a hearing, inter alia, denied the mother's petition for custody of the subject child and granted respondent father's petition awarding him sole legal and physical custody of the child, unanimously affirmed, without costs.
A sound and substantial basis exists in the record for the court's determination, which was made after a full evidentiary hearing, that the child's best interests will be served by awarding sole legal and physical custody to the father (see generally Eschbach v Eschbach, 56 NY2d 167 [1982]). After the parents separated, ACS removed the child from the mother's care. Following a time in foster care, in 2012, the child was released by ACS to the father's care. The record shows that the father was better able to provide a stable environment for the child, because he had lived in the same residence for many years, and had been the child's primary caregiver, after her return from foster care (see Matter of David C. v Laniece J., 102 AD3d 542 [1st Dept 2013]). The father attended to all of the child's medical and educational needs, whereas the mother had no involvement with the child's medical care or education (see Matter of Celina S. v Donald S., 133 AD3d 471 [1st Dept 2015]). The court considered all of the relevant factors, including the father's admitted history of domestic violence (see Matter of Kougne T. v Mamadou D., 133 AD3d 455 [1st Dept 2015]), but found that there had been no further instances of domestic violence after 2012. The court also considered and weighed evidence that the mother's future living arrangements were "in flux" because she was looking to relocate with the child.
The court providently exercised its discretion in declining to conduct an in camera interview of the child because the child's attorney stipulated that the child loved both parents and had no preference as to which parent she wanted to live with (see Matter of Mohamed Z.G. v Mairead P.M., 129 AD3d 516, 517 [1st Dept 2015], lv denied 26 NY3d 906 [2015]). The child's purported change in her preference after the hearing from being neutral to wanting to live with the mother does not warrant a different determination, because her counsel does not explain what [*2]caused the child's change of heart and in light of the potential that the child has been influenced (see Zelnik v Zelnik, 196 AD2d 700 [1st Dept 1993]).
The mother failed to preserve her contention that the Family Court harbored a bias against her, and we decline to review it in the interest of justice. In any event, there is no support in the record for such a claim (see Matter of Bianca J. v Dwayne C.A., 136 AD3d 450 [1st Dept 2016]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK