Matter of Raymond S.H. v Nefertiti S.M. (2019 NY Slip Op 07329)





Matter of Raymond S.H. v Nefertiti S.M.


2019 NY Slip Op 07329


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10038

[*1] In re Raymond S.H. Jr., Petitioner-Appellant,
v
Nefertiti S.M., Respondent-Respondent.


Daniel R. Katz, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Tennille M. Tatum-Evans, New York, attorney for the child.



Order, Family Court, New York County (Tamara Schwarzman, J.), entered on or about September 20, 2017, which, insofar as appealed from as limited by the briefs, after a hearing, denied the father's petition for permission to relocate with the parties' child to Florida, unanimously affirmed, without costs.
Family Court's denial of the petition to relocate has a sound and substantial basis in the record (see Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]).
Petitioner, who was awarded sole custody of the parties' child in 2015, failed to show by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; Matter of Nairen McI. v Cindy J., 137 AD3d 694 [1st Dept 2016]). He asserted a reasonable ground for relocating, namely, to create a better life for his son and his family, but offered no testimony showing that life in Florida would, in fact, be better. Petitioner claimed to have investigated schools, therapy, and other matters, but provided no concrete examples and no evidence that the Florida schools and services were better than their New York counterparts. The absence of testimony about Florida schools is particularly significant given petitioner's high opinion of the child's New York school.
Petitioner mentioned a two-family house in Florida that his relatives had bought, but offered no detail about that arrangement as it concerned him and the child or about the house itself to enable a comparison with his New York residence. He testified that his Florida relatives were helping him be proactive in finding therapy for the child, but did not describe the kind of financial or other support his relatives might offer (see Matter of Melissa Marie G. v John Christopher W., 73 AD3d 658 [1st Dept 2010]). He also offered no basis for his optimism about obtaining employment in Florida. The record demonstrates that petitioner's plan to relocate to Florida "was less of a plan and more of an amorphous idea" (Matter of Salena S. v Ahmad G., 152 AD3d 162, 163 [1st Dept 2017]). Respondent mother's failure to pay child support is one factor in support of relocation, but it is insufficient to warrant granting relocation on this record (see Salena S., 152 AD3d at 166).
In contrast, respondent's testimony demonstrated her concern that if relocation were granted she would rarely if ever see her child again, and that this concern was well founded (see Tropea, 87 NY2d at 740; Amato v Amato, 202 AD2d 458 [2d Dept 1994], lv denied 83 NY2d 759 [1994]). Respondent's testimony about her financial inability to afford travel to and from Florida was unrebutted, given her unrebutted testimony about her $11-an-hour job. Petitioner claimed that he would assume financial responsibility for the costs of such visitation, but, given that he was unemployed and receiving public assistance, Family Court appropriately concluded that there would likely be no funds for visitation.
The court recognized that the relationship between the child and respondent, the non-[*2]custodial parent, was fraught, and that it needed work and consistency to be repaired. Because relocation would prevent regular therapeutic visitation between respondent and the child, the court appropriately found that this factor weighed against the petition.
Petitioner argues, and the record shows, that the child has thrived since petitioner became the custodial parent. However, these positive developments in the child's life, by petitioner's own description, occurred in New York. Petitioner failed to show that relocation was necessary to preserve them or that they would be jeopardized if relocation did not occur.
Petitioner's proposed visitation schedule fails to alleviate concerns about preserving an ongoing relationship between the child and respondent. While he claimed to be willing to have the child spend a month of the summer, Thanksgiving break, and a week after Christmas with respondent, he also testified that he feared visitation altogether, because he would not be there to defend or protect the child, and that he did not want the child around respondent at all. The record also shows that the child's former therapist was concerned that petitioner coached the child to impugn respondent. Petitioner further asserted that his proposed visitation schedule was contingent on an order of protection remaining in place, but did not explain how this would be possible. Petitioner's testimony creates the strong impression that visitation according to his proposed schedule would never come to pass (cf. Matter of David B. v Katherine G., 138 AD3d 403, 407 [1st Dept 2016] ["There is every reason to believe (the mother) will comply with liberal visits for the father"]). Petitioner, moreover, did not address the child's visitation with
his siblings, and did not rebut respondent's testimony about the positive nature of the child's relationship with his siblings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK