Matter of Dave D. v Cara C. (2020 NY Slip Op 00498)





Matter of Dave D. v Cara C.


2020 NY Slip Op 00498


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10854

[*1] In Dave D., Petitioner-Appellant,
v
Cara C., Respondent-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Nesta N. Johnson of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about March 1, 2019, which, to the extent appealed from as limited by the briefs, denied petitioner father's request for a modification of custody with respect to the subject child, unanimously affirmed, without costs.
Family Court properly determined that there was no change in circumstances to warrant a modification of the 2016 custody order, and that a change in custody would not be in the best interests of the child (see Matter of Luis F. v Dayhana D., 109 AD3d 731, 731 [1st Dept 2013]; see also McGinnis v McGinnis, 159 AD3d 475, 476 [1st Dept 2018]).
The child has struggled academically since 2011, which undermines the father's claim that there has been a change in circumstances with respect to her education since the entry of the 2016 order (see Matter of Tiffany H.-C. v Martin B., 155 AD3d 501, 502 [1st Dept 2017]). Moreover, the record shows that the mother helped the child with her homework each night, obtained and continuously renewed an individualized education plan for the child, attended parent-teacher conferences, and regularly communicated with the child's teachers. By contrast, the father failed to demonstrate that the child's academic problems would be ameliorated if custody were transferred to him (see Matter of Liza R. v Lin F., 110 AD3d 513, 513 [1st Dept 2013]).
Moreover, the record established that the father had court-ordered scheduled visitation on the first three weekends of each month, but the parties continuously argued about where and when the pickup would occur. During this proceeding, the court altered the visitation schedule numerous times, but as a result of both parties' work schedules and obstinance, numerous visits were missed. The court found the father particularly intransigent on accommodations offered to make visitation pickups and dropoffs go more smoothly. In addition, even though the father was entitled to the entire weekend with the child, if pickup did not occur on Friday evening or Saturday morning, the record shows that he made no further attempt to see his child.
Furthermore, in this case, both parties are fit to act as custodial parent, but the mother's actions demonstrating an ability to nurture a relationship between the child and father tips the scales in the mother's favor (see Matthew W. v Meagan R., 68 AD3d 468, 468 [1st Dept 2009]; Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295, 296 [1st Dept 2008], lv denied 12 NY3d 710 [2009). The mother acknowledged that the child loved her father, she had "no problem" with them having a relationship, and she tried to call the father on holidays such as Christmas and the child's birthday to allow them to speak. Accordingly, the Family Court properly exercised its discretion in denying the modification of custody (see Sequeira v Sequeira, 105 [*2]AD3d 504 [1st Dept 2013], lv denied 21 NY3d 1052 [2013]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK