Matter of Albertina C. v Kim C. (2022 NY Slip Op 03681)

Matter of Albertina C. v Kim C.

2022 NY Slip Op 03681

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Docket No. V-06582/18 Appeal No. 16077 Case No. 2021-03028 

[*1]In the Matter of Albertina C., Petitioner-Appellant,
v
Kim C., et al., Respondents-Respondents, Julius G., Respondent.

Steven N. Feinman, White Plains, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for Kim C., respondent.
Magovern & Sclafani, Mineola (Frederick J. Magovern of counsel), for Catholic Guardian Society, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order, Family Court, New York County (Jane Pearl, J.), entered on or about June 30, 2021, which, after a hearing, dismissed maternal grandmother's petition for custody of the subject child, unanimously affirmed, without costs.
"A grandparent has no preemptive statutory or constitutional right to custody surpassing that of persons who might be selected by the agency as suitable adoptive parents" (Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406 [1st Dept 2010]). Here, the court properly found that it was not in the child's best interests to award the grandmother custody. The grandmother's unsuitability as a custodian for the child was supported by the record, particularly her testimony showing that she still has not acknowledged the mother's culpability in the vicious beating death of the child's older brother (Matter of Albertina C. v Administration for Children's Servs., 125 AD3d 483, 484 [1st Dept 2015]). In addition, the grandmother lacked transparency about her sources of income, and had no plan for the subject child if he were to be released to her custody, other than to call on her children, including the mother, to assist her (see Matter of Elizabeth R. [Brenda P.-H. -—Renzo H.], 162 AD3d 562 [1st Dept 2018]). Furthermore, it was in the child's best interests to remain in his foster home, where he has lived most of his life and has bonded with the other children and the foster parents, who wish to adopt him (see Matter of Alexander H. v Sheltering Arms Children & Family Servs., 196 AD3d 415 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022