Matter of Migdalia O. v Lucero V. (2025 NY Slip Op 00725)

Matter of Migdalia O. v Lucero V.

2025 NY Slip Op 00725

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

 Docket No. V-04566-21 Appeal No. 3630 Case No. 2024-00359 

[*1]In the Matter of Migdalia O., Petitioner-Appellant,
v
Lucero ., et al., Respondents-Respondents. 

Larry S. Bachner, New York, for appellant.
Leslie S. Lowenstein, Woodmere, for Lucero V., respondent.
Kenneth M. Tuccillo, Hastings on Hudson, for Enrico O.F., respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about December 4, 2023, which denied petitioner grandmother's petition for in-person visits with the subject child and awarded her monthly video visits with in-person visitation at the parents' discretion, unanimously affirmed, without costs.
Family Court properly determined that appellant grandmother was not entitled to court-appointed counsel in a proceeding seeking visitation with her grandchild (see Matter of Diane T. v Lydia Tamelka T., 121 AD3d 463, 463 [1st Dept 2014]). Further, the record reveals that the grandmother "knowingly, intelligently, and voluntarily" waived her right to counsel (see Family Court Act § 262[a][ii]; People v Arroyo, 98 NY2d 101, 103 [2002]). The court repeatedly advised her that she would be at a disadvantage proceeding pro se (see Matter of Angel N. v Elizabeth A., 169 AD3d 596, 596-597 [1st Dept 2019]), and nothing in the record suggests that the grandmother was not competent to understand the consequences of self-representation (see Matter of Mia B. [Brandy R.], 100 AD3d 569, 570 [1st Dept 2012], lv denied 20 NY3d 858 [2013]).
With respect to visitation, the court properly undertook a two-part inquiry. It first found that the grandmother had established the right to be heard based on her testimony concerning her relationship with the child. The court then properly concluded that in-person visits between the child and grandmother were not in the child's best interests (see Matter of Albertina C. v Administration for Children's Servs., 125 AD3d 483, 484 [1st Dept 2015], lv denied 25 NY3d 906 [2015]). The court balanced the grandmother's important interest in having a relationship with the child against the circumstances of the child's family, including the worsening relationship between the litigants, strenuous objection by both parents to formalized unsupervised in-person visitation, and the child's wishes. The record demonstrated that from the time the child was born, the grandmother consistently undermined the parents' authority. Her animosity towards the parents impaired the parties' ability to work together. For example, the grandmother called the NYPD multiple times to conduct wellness checks of the child and threatened the parents with prolonged litigation unless they complied with her demands. Accordingly, the court reasonably concluded that in-person visits would inevitably expose the child to the discord between the grandmother and the parents and would be contrary to the child's best interests.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025