Matter of Alisa H. v Ayanna B. (2025 NY Slip Op 06021)

Matter of Alisa H. v Ayanna B.

2025 NY Slip Op 06021

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Docket No. V-3085-86/21|Appeal No. 5066|Case No. 2025-00119|

[*1]In the Matter of Alisa H., Petitioner-Appellant,
v
Ayanna B., et al., Respondents-Respondents.

Jay A. Maller, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for Ayana B., respondent.
Donna C. Chin, New York, attorney for the children.

Order, Family Court, New York County (Jessica M. Forman, Referee), entered on or about September 10, 2024, which, after a hearing, denied and dismissed the paternal grandmother's petition seeking visitation with the two subject children, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying and dismissing the petition for visitation between the children and the paternal grandmother because visitation was not in the children's best interests (see Matter of Albertina C. v Administration for Children's Servs., 125 AD3d 483, 484 [1st Dept 2015], lv denied 25 NY3d 906 [2015]).
Family Court properly concluded that the grandmother had established her standing by "demonstrating the existence of circumstances in which equity would see fit to intervene" based on her testimony concerning her relationship with the children (Karr v Black, 55 AD3d 82, 85 [1st Dept 2008], lv denied 11 NY3d 712 [2008], citing Matter of Emanuel S., 78 NY2d 178, 181 [1991]; Domestic Relations Law § 72[1]). The grandmother testified that she spent significant time with the children from 2016, when they were younger, through early September 2020, when the mother took issue with an approximately one-month trip the grandmother took with the children to see their father in North Carolina.
After determining that the grandmother had standing, the court then properly determined that the grandmother failed to establish that visitation was in the children's best interests (see Matter of Diane T. v Lydia Tamelka T., 121 AD3d 463, 463 [1st Dept 2014]; see also Matter of Albertina C. v Administration for Children's Servs., 125 AD3d 483, 484 [1st Dept 2015], lv denied 25 NY3d 906 [2015]). "[C]ourts should not lightly intrude on the family relationship against a fit parents' wishes" because "[t]he presumption that a fit parents' decisions are in the child's best interests is a strong one" (Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]). Although the Referee noted that the mother was disrespectful to the other litigants, witnesses, and the court itself during the hearing, the Referee also found that there was nothing in her behavior or the record that indicated she is an unfit parent.
An acrimonious relationship between the parties, on its own, is not a proper basis to deny visitation to grandparents (see Lo Presti v Lo Presti, 40 NY2d 522, 525-526 [1976]).Here, however, the court properly balanced the possible benefits to the children of visitation with the grandmother against the circumstances of the children's family and concluded that court-ordered visitation with the grandmother was not in the children's best interests. In addition to ample evidence of what the Referee termed the "extreme" animosity between the mother and the grandmother, the mother contends that the grandmother undermined her authority by, among other things, removing the children to North Carolina for one month in 2020 without the mother's permission (see Matter of Wilson v McGlinchey, 2 NY3d 375, 382 [2004]; Matter of Paul C.T. [Renee G.-T.], 236 AD3d 611, 612 [1st Dept 2025]). Moreover, while the better practice would have been to have in camera interviews with the children, in the circumstances present here, the Referee properly considered the representation of the Attorney for the Children that the children oppose visitation with the grandmother (see Matter of Mohamed Z.G. v Mairead P.M., 129 AD3d 516, 517 [1st Dept 2015], lv denied 26 NY3d 906 [2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025