Matter of Miguel C. v Bennie B. (2026 NY Slip Op 00008)

Matter of Miguel C. v Bennie B.

2026 NY Slip Op 00008

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. V-00548/17/22A, V-00548/23B, V-00548/23D, V-00548/23E|Appeal No. 5514|Case No. 2024-02744|

[*1]In the Matter of Miguel C., Appellant,
vBennie B., Respondent.

Steven N. Feinman, White Plains, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.

Order, Supreme Court, New York County, Integrated Domestic Violence Part (Tandra L. Dawson, J.), entered on or about April 4, 2024, which, to the extent appealed from, denied petitioner father's violation petition against respondent mother, and granted the mother's modification petition to allow her to relocate with the children, unanimously affirmed, without costs.
The father's violation petition was properly denied, as he failed to demonstrate by clear and convincing evidence that the mother willfully violated the prior custody order in a manner that prejudiced him (see Matter of Sandra R. v Matthew R., 189 AD3d 1995, 2000 [3d Dept 2020], lv dismissed in part and denied in part, 36 NY3d 1077 [2021]). The mother testified that she notified the father of her intention to move to Georgia with the children, and that the father failed to respond to her notification or to object to the move. The IDV court credited the mother's testimony, and there is no basis to disturb the court's credibility determination (see Matter of Michael Y. v Dawn S., 212 AD3d 493, 495 [1st Dept 2023]). The IDV court also properly rejected the father's claims that the mother was manipulating and brainwashing the children, as the evidence showed that the father made no efforts to visit the children in New York or otherwise strengthen his relationship with them.
Furthermore, the court's decision to grant the mother's modification petition has a sound and substantial basis in the record, as the mother showed by a preponderance of the evidence that the children's relocation to Georgia with her was in their best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741; Matter of Nairen McI. v Cindy J., 137 AD3d 694, 695 [1st Dept 2016]).[FN1] The evidence demonstrated that the mother was the children's primary caretaker, and that the father did not contribute financially to their care or consistently visit with the children in the years preceding their move to Georgia (see Matter of Celina S. v Donald S., 133 AD3d 471, 471 [1st Dept 2015]). As the court found, the father was responsible for the fraying of his relationship with the children and he appeared incapable of placing their needs above his own. The mother also credibly testified that the children were thriving in Georgia, as they enjoyed their school, had friends and family living close by, and had their own bedrooms and plenty of outdoor space (see Matter of Alaire K.G. v Anthony P.G., 86 AD3d 216, 221 [1st Dept 2011]). Finally, although not determinative, the children's attorney advocated for her clients' position that the court should permit the mother to remain in Georgia with the children, and the court properly considered this factor in reaching its decision (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]["While not determinative, the child's expressed preference is some indication of what is in the child's best interests," taking into consideration the child's age and maturity]; see also Alaire K.G., 86 AD3d at 221). Finally, the father has not shown that Family Court abused its discretion by not conducting in camera interviews with the children (N.L. v J.H., 227 AD3d 501, 502 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026

Footnotes

Footnote 1: Family Court also denied the father's modification petition in which he sought joint custody. If the father intended to appeal from the denial of his modification petition, he has abandoned his appeal of that ruling by failing to address it in his appellate brief (Mandour v Rafalsky, 238 AD3d 637, 639 [1st Dept 2025]).