Matter of Marie D. v Frantz T. (2026 NY Slip Op 01846)

Matter of Marie D. v Frantz T.

2026 NY Slip Op 01846

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Docket No. V6153-54/21/21A|Appeal No. 6192|Case No. 2025-00807|

[*1]In the Matter of Marie D., Respondent,
vFrantz T., Appellant.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Kenneth M. Tuccillo, Hasting of Hudson, attorney for the child, Nahel T.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child, Bahia T.

Order, Family Court, New York County (Pamela B. Scheininger, J.), entered on or about January 6, 2025, which, to the extent appealed from as limited by the briefs, granted the mother's petition, after a hearing, to modify the 2018 Order of Custody and Visitation to permit the mother to relocate with the parties' children to Madagascar, and modified the 2018 order to limit respondent father's visitation with the children to supervised or therapeutic visits, unanimously affirmed, without costs.
Family Court's determination granting the mother's petition for relocation has a sound and substantial basis in the record as the mother established, by a preponderance of the evidence, that relocation to Madagascar would serve the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d 727, 739, 741 [1996]). Family Court's determination is largely dependent upon an assessment of the witnesses' credibility, and such determinations are entitled to great weight and deference and should not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Michael Y. v Dawn S., 212 AD3d 493, 495 [1st Dept 2023]; Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124, 129 [1st Dept 2013]). The mother testified that her relocation to Madagascar was a requirement of her employment with the United Nations and that the move was undertaken in good faith. She also testified that the father had stopped paying child support in or around December 2021, was not contributing to the children's education, and that she was entirely supporting the children (see Lvovsky v Lvovsky, 201 AD3d 571, 571 [1st Dept 2022]; Matter of Nairen McI. v Cindy J., 137 AD3d 694, 695 [1st Dept 2016]). The father has not sought to visit the children since November 2021, when they were living in New York and has refused to participate in visitation with his children because the court required that it be supervised or therapeutic. Thus, the mother's move to Madagascar would not weaken the father's relationship with the children, as it is already strained (see Matter of Reven W. v Jenny Virginia D., 107 AD3d 445, 446 [1st Dept 2013]; see also Tropea, 87 NY2d at 740-741).
Family Court's modification of the visitation order to require supervised or therapeutic visitation based on a change of circumstances was in the best interests of the children (see Matter of K.M.P. v A.D., 235 AD3d 495, 495-496 [1st Dept 2025]; Matter of Tristan R. [Daniel R.], 209 AD3d 508, 508 [1st Dept 2022]). This Court previously affirmed Family Court's finding that the father committed the family offense of menacing in the third degree as against the children (see Matter of M.D. v F.T., 236 AD3d 429 [1st Dept 2025]). This finding constituted a material change in circumstances warranting a modification of the visitation order (see e.g. Matter of K.M.P., 235 AD3d at 495-496). The requirement that visitation by the father be supervised does not constitute a deprivation of meaningful access to the children (see Matter of Adekunle D.D. v Luxury M.D., 234 AD3d 585, 587 [1st Dept 2025]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026