■ MAGDA KRESNICKA, Respondent, v. OTOMAR KRESNICKA, Appellant.— In an action in which a judgment of the Supreme Court, Queens County, was made on June 19, 1972, granting plaintiff a divorce, after an undefended non-jury trial following defendant's withdrawal of his answer, defendant appeals, (1) as limited by his brief, from so much of the judgment as denied him visitation with the infant issue of the marriage and (2) from an order of the same court, dated February 19, 1972, which denied his motion to set aside the withdrawal of his answer and to restore the action to the contested trial calendar. Order reversed, without costs, and defendant's motion granted to the extent that the judgment is vacated, the withdrawal of his answer is vacated with respect only to the visitation issue, and the case is to be resubmitted to the trial court for entry of a new judgment, based upon the prior proceedings, the answer with respect to the visitation issue, and the stipulation of the parties with respect to visitation. Accordingly, the new judgment shall grant defendant visitation, in accordance with the stipulation, as follows: "The defendant shall be given visitation with Thomas Kresnicka, the infant issue of the marriage, on Saturdays, between the hours of 9:00 A.M. and 5:00 P.M. As a condition thereof, the defendant shall leave his passport with the plaintiff as security, upon taking the child; and the plaintiff shall return the passport to the defendant when the child is returned." Appeal from judgment dismissed, without costs. No appeal lies from a judgment entered upon an inquest. In any event, the appeal from the judgment is academic in view of the determination herein upon the appeal from the order. The parties were married in Czechoslovakia in September of 1960. There is one issue of the marriage, who is approximately eight years old. Because of marital problems in Czechoslovakia, plaintiff came to the United States with her infant son. Thereafter, defendant also came to this country in search of the infant. Upon locating him, defendant brought a habeas corpus proceeding to regain custody of the child. The proceeding terminated in favor of plaintiff. Thereafter, in January of 1971, plaintiff instituted the instant action. The parties entered into a stipulation which was to be incorporated into the judgment, providing for visitation rights to defendant with his infant son. However, at the inquest plaintiff testified she did not want defendant to be allowed visitation with the infant for fear that defendant would flee with the child to Czechoslovakia. No other witnesses testified and no other evidence was presented. In the judgment plaintiff was awarded custody of the infant and defendant was denied visitation rights. In our opinion, the denial of visitation rights was erroneous. The sweeping denial of the right of a parent to visit or see his child is a drastic remedy which should be based on substantial evidence (*Herb* v. *Herb*, 8 A D 2d 419). The record before us does not support the denial of such a right. Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.