■ KAREN K., Respondent, v KENNETH Z., Appellant. [657 NYS2d 40] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered November 19, 1996, which, *inter alia*, discontinued defendant's overnight visitation with the parties' daughter, directed that all visitation between defendant and the child be supervised, and directed defendant to pay all fees in connection with such supervised visitation, and order, same court and Justice, entered February 11, 1997, which continued the visitation schedule of the November 19, 1996 order, unanimously affirmed, without costs.

Substantial evidence supports the finding that overnight and unsupervised visitation by defendant at this time would be detrimental to the child's welfare (*see, Matter of MacEwen v MacEwen*, 214 AD2d 572). This evidence included the recommendations of two court-appointed psychiatrists, both of whom reported that defendant did not understand the effect that his words and inappropriate behaviors were having on the child's emotional well-being (*see, Allen v Farrow*, 197 AD2d 327, 334, *appeal dismissed sub nom. Matter of Woody A. v Maria V. F.*, 84 NY2d 864, 86 NY2d 761, *lv denied* 86 NY2d 709), and one of whom testified that, as confirmed by his interviews with the child's personal psychiatrist, the child was fearful of overnight visitation with defendant (*see, Matter of Thaxton v Morro*, 222 AD2d 955), and plaintiff's affidavit that the child was unable to function in various significant ways after overnight visitations with defendant. Defendant continues to have up to 12 hours of supervised visitation a week, and the curtailment of the unsupervised and overnight aspects of that visitation are intended to be temporary, restoration thereof dependent upon the child's showing that she no longer fears defendant's visitation. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.