■ In the Matter of BARNEY C. CUSTER, Respondent, v PAULA N. SLATER, Appellant. [768 NYS2d 854]—

Mercure, J.P. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered March 21, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Respondent appeals from an order entered after trial which, among other things, modified a prior custody order by awarding petitioner sole legal and physical custody of the parties' seven-year-old child, requiring that respondent's visits with the child be supervised, prohibiting respondent from having telephone contact with the child unless the child desired it and petitioner was on a telephone extension, and permitting respondent to petition for unsupervised visitation only upon recommendations

from her treating psychologist and primary care physician. Respondent concedes that the modification was appropriate insofar as Family Court awarded petitioner sole custody of the child. She asserts, however, that the court erred in requiring that her visits be supervised and limiting her telephone contact with the child. We disagree.

Initially, we note that "the determination of whether visitation should be supervised is a matter left to Family Court's sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record" (*Matter of Kryvanis v Kruty*, 288 AD2d 771, 772 [2001] [internal quotation marks and citations omitted]). Here, respondent violated the prior custody order on numerous occasions, broke into petitioner's home and took an item, disparaged and physically attacked petitioner in front of the child, and either refused to attend coparenting sessions or failed to interact civilly with petitioner when she did attend. In addition to relying on the above factors, Family Court also noted respondent's continued erratic behavior during trial, which included reacting to adverse testimony by plugging her ears and closing her eyes. Given this evidence and despite the Law Guardian's recommendation that respondent be permitted unsupervised visitation, we find no basis to disturb Family Court's conclusion that limiting respondent to supervised visitation was in the child's best interest (*see Matter of Simpson v Simrell*, 296 AD2d 621, 621-622 [2002]; *Matter of Bates v Bates*, 290 AD2d 732, 733-734 [2002]; *Matter of Kryvanis v Kruty, supra* at 772-773).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.