■ In the Matter of FRANK M., Respondent, v DONNA W., Appellant. [844 NYS2d 22]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 21, 2005, which, insofar as appealed from, denied respondent mother's cross motion to reinstate unsupervised visitation, unanimously affirmed, without costs.

Contrary to the mother's claim, supervision is not limited to instances where a court fears for a child's physical safety; rather, the court can also consider whether a parent is having a negative impact on the child's emotional well-being (see Allen v Farrow, 197 AD2d 327, 334 [1994], appeal dismissed sub nom. Matter of Woody A. v Maria V.F., 84 NY2d 864 [1994], 86 NY2d 761 [1995], lv denied 86 NY2d 709 [1995]; see also Karen K. v Kenneth Z., 239 AD2d 159 [1997]). "It is well settled that the question of a child's best interest, the foremost consideration in matters of custody and visitation, is within the discretion of the

trial court whose determination will not be set aside unless it lacks a sound and substantial evidentiary basis" (*Corsell v Corsell*, 101 AD2d 766, 767 [1984]). The requisite evidentiary basis exists for Family Court's finding that unsupervised visitation would have a negative impact on the child's well-being. However, we note that supervision was meant to be temporary and that almost two years have passed since Family Court's decision. As the court-appointed psychiatrist testified, supervision can interfere with the parent-child relationship; and as Family Court found, it is in the child's best interests eventually to enjoy unsupervised visitation with her mother. Concur— Nardelli, J.P., Gonzalez, Sweeny, McGuire and Kavanagh, JJ.