■  LINDA R., Appellant, v ARI Z., Respondent. [895 NYS2d 412]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered August 21, 2009, which, in a child custody proceeding, found that the father should have unsupervised visitation with the subject child after a transition period managed by an "intervention therapist," unanimously modified, on the law, to delete the portion of the order that provides for the intervention therapist to determine when unsupervised visitation is to begin, and otherwise affirmed, without costs. Order, same court and Justice, entered July 31, 2009, which, inter alia, appointed an intervention therapist to supervise the immediate ending of the father's supervised visitation, unanimously modified, on the law, to delete the phrase "and shall follow her directions" in the sixth decretal paragraph, and otherwise affirmed, without costs. Order, same court and Justice, entered October 29, 2009, which, inter alia, temporarily awarded the father decision-making custody with respect to the child's mental health issues, unanimously modified, on the law, to delete the portion of the order requiring that the child's passport be turned over to the mother's attorney, and otherwise affirmed, without costs. Order, same court and Justice, entered November 13, 2009, which, insofar as appealed from as limited by the briefs, directed that the mother's counsel was not to attend the intervention therapy sessions, unanimously affirmed, without costs.

"[T]he determination of whether visitation should be supervised is a matter left to Family Court's sound discretion[,]

and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record" (*Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003] [internal quotation marks and ellipsis omitted]). Here, despite the Law Guardian's view to the contrary (*see id.*; *Baker v Baker*, 66 AD3d 722, 723-724 [2009]), the court's finding that the child should transition to unsupervised visitation with the father has ample support in the record, including the opinion of the court-appointed forensic psychologist and the testimony of impartial witnesses that the child seemed comfortable and relaxed while visiting with her father. Further, there is no indication that the court "ignored" evidence of the child's feelings toward her father; rather, in providing for a gradual transition to unsupervised visitation, the court explicitly took the child's feelings into account.

However, the court improperly delegated to a mental health professional its authority to determine issues involving the best interests of the child, i.e., when unsupervised visitation should commence (*see Matter of Held v Gomez*, 35 AD3d 608, 608-609 [2006]; *Matter of Henrietta D. v Jack K.*, 272 AD2d 995 [2000]), and we modify accordingly. The parties may, if so advised, make another application to the court regarding unsupervised visitation, at which time the court may render a decision on that issue, with the assistance, if necessary, of further reports from the intervention therapist.

With respect to the child's passport, the parties' settlement stipulation allows the mother to travel with the child to Canada for 10 days at a time, and there has never been any suggestion by the father himself or his attorney that the mother is a flight risk or has any intention of removing the child to Canada (*cf. Anonymous v Anonymous*, 120 AD2d 983, 984 [1986]; *Kresnicka v Kresnicka*, 42 AD2d 607 [1973]). Accordingly, we modify to delete the directive concerning the child's passport.

"[N]o agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Thus, a child is not bound by the support and custody terms of an agreement between parents, and courts can modify these terms in the best interests of the child (*see* Family Ct Act § 461 [a]; *Matter of Boden v Boden*, 42 NY2d 210, 212 [1977]; *cf. Sassian v Sassian*, 126 AD2d 984 [1987]). The record contains a sound basis for finding that, during the transition period from supervised to unsupervised visitation, and subject, of course, to further order of the court, it is in the best interests of the child that the

terms of the stipulation with respect to her mental health be modified so as to give the father decision-making authority.

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.