■ In the Matter of ARCENIA K., Respondent, v LAMIEK C., Appellant. [42 NYS3d 124]—

Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered on or about July 6, 2015, which modified the order of visitation to grant the father agency-supervised visits with the subject children to be paid for by the father, unanimously affirmed, without costs.

The Supreme Court's determination that supervised visitation is in the best interests of the subject children has a sound and substantial basis in the record and should not be disturbed (*Linda R. v Ari Z.*, 71 AD3d 465, 466 [1st Dept 2010], citing *Matter of Custer v Slater*, 2 AD3d 1227, 1228 [3d Dept 2003]). The court relied upon the mother's testimony, a prior order of protection for the mother and children against the father, and prior incidents during supervised visits where the father was volatile, insistent, and intimidating when challenged. All of these demonstrate that father poses a risk of having a negative impact on the girls' emotional well-being if the visits are not supervised (*see Matter of Frank M. v Donna W.*, 44 AD3d 495 [1st Dept 2007]; *Karen K. v Kenneth Z.*, 239 AD2d 159 [1st Dept 1997]). Moreover, there is a sound basis in the record for court's determination that an agency, and not the paternal grandmother, supervise the visits, as evinced by the father's statements on social media regarding his evasion of a prior court order. "[S]upervised visitation is not a deprivation [of] meaningful access [to a child]" (*Lightbourne v Lightbourne*, 179 AD2d 562, 562 [1st Dept 1992]).

That branch of the order directing the father to pay for agency-supervised visitation was also an appropriate exercise of the trial judge's discretion as there is no statutory basis for directing the city to pay the cost of agency-supervised visitation once all proceedings are completed, as County Law § 722-c only authorizes the payment of investigative and other services while a proceeding is pending. Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.