■ In the Matter of JAMES K.T., Appellant, v LAVERNE W., Respondent. [62 NYS3d 111]—

Order, Family Court, New York County (Carol Goldstein, J.), entered on or about September 16, 2016, which, after a hearing, inter alia, granted petitioner father supervised day-visitation only, upon two weeks' notice to respondent mother, unanimously affirmed, without costs.

The testimony of the expert forensic psychologist and both parties provides a sound and substantial evidentiary basis for Family Court's determination that there has been no change in circumstances warranting modification of existing orders and that it is not in the best interests of the subject child for petitioner to have unsupervised visitation with him (*see Matter*

of *Mohamed Z.G. v Mairead P.M.*, 129 AD3d 516 [1st Dept 2015]). Following a history of domestic violence, in 2012, two orders of protection were in place prohibiting petitioner from being in contact with the child for five years; petitioner had twice been convicted of violating orders of protection. The forensic evaluation concluded that petitioner was unable to place the child's needs above his own anger against respondent, and that he is unable to control his rage and maintains the belief that respondent, Family Court and the New York Police Department have colluded against him to deny him access to the child. He was unable to control his behavior during the forensic evaluation and in court, when he knew he was being observed (*see Matter of Arcenia K. v Lamiek C.*, 144 AD3d 610 [1st Dept 2016]). In addition, the then-16-year-old child had expressed a desire to remain in respondent's care and visit petitioner only in New York, supervised by a maternal relative. Petitioner, who has rejected the supervised visitation he has been granted over the years, has seen or communicated with the child only a few times in the past decade. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.