Matter of Joaquin C. v Josephine I.-C. (2018 NY Slip Op 08179)





Matter of Joaquin C. v Josephine I.-C.


2018 NY Slip Op 08179


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7740

[*1]In re Joaquin C., Petitioner-Appellant,
v
Josephine I.-C., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about November 1, 2017, which, after a hearing, denied the petition to enforce a visitation order providing for unsupervised visitation, and instead provided for supervised visitation with the subject child, unanimously affirmed, without costs.
The testimony, medical records, and reports submitted to the court provide a sound and substantial evidentiary basis for Family Court's determination that it was not in the best interests of the subject child to have unsupervised visitation with the father. The record also supports a finding that a change in circumstances warranted a modification of the visitation order to provide for only supervised visitation (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Matter of Luis F. v Dayhana D., 109 AD3d 731 [1st Dept 2013]). The evidence showed that, although the father was engaged in treatment and had obtained housing, he continued to have difficulty controlling himself and had lost his temper with the child during an unsupervised visit. In light of his history of violence and the previous finding of neglect (Matter of Angelina M. [Joaquin C.], 135 AD3d 651 [1st Dept 2016]), limiting the father to supervised visitation is in the child's best interests (see Matter of James K.T. v Laverne W., 154 AD3d 471 [1st Dept 2017]; Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]). Contrary to the father's argument, the court was not bound to enforce the visitation agreement, since the child's best interests are paramount (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK