Matter of Kayla C. (Faith J.) (2019 NY Slip Op 01138)





Matter of Kayla C. (Faith J.)


2019 NY Slip Op 01138


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8388

[*1]In re Kayla C., and Others, Dependent Children Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Appellant, Faith J., et al., Respondents-Respondents.


Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for appellant.
Law Offices of Elisa Barnes, New York (Elisa Barnes of counsel), for Faith J., respondent.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Stephanie C., respondent.
Larry S. Bachner, New York, attorney for the child Kayla C.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children McKenzie G., Melanie G., Kylie D. and Christian D.



Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about August 9, 2017, which granted respondents mothers unsupervised visitation with their respective children under certain conditions, unanimously affirmed, without costs.
The Family Court's determination to grant these two mothers unsupervised visitation with their respective children, subject to compliance with precautionary measures specifically tailored to protect the children from harm, should not be disturbed as the orders have a sound and substantial basis in the record (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610, 610 [1st Dept 2016]; Linda R. v Ari Z., 71 AD3d 465, 465-466 [1st Dept 2010]). There is no evidence in record that either of the mothers had perpetrated the sexual abuse or posed any other safety risk to the children. In addition, the court took specific precautions to prevent endangering the children by prohibiting other people from being present during the visits, requiring that the visits take place in the community, prohibiting the children from being left with anyone other than their mothers during the visits, and limiting visitation to twice weekly for a three hours a visit (see Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d 868, 868-69 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK