Matter of Madison H. (Demezz J.H.) (2019 NY Slip Op 04484)





Matter of Madison H. (Demezz J.H.)


2019 NY Slip Op 04484


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9566

[*1]In re Madison H., A Child Under Eighteen Years of Age, etc., Demezz J.H., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Anna B. Wolonciej of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about July 26, 2018, which denied respondent father's motion for unsupervised visitation with the subject child, unanimously affirmed, without costs.
The determination that supervised visitation was in the best interest of the child has a sound and substantial basis in the record and should not be disturbed (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610 [1st Dept 2016]; Linda R. v Ari Z., 71 AD3d 465, 465-466 [1st Dept 2010]). The record shows that the father acted aggressively, was intimidating when angered and displayed difficulty controlling himself during supervised visits as well as courtroom proceedings (see Matter of Joaquin C. v Josephine I.-C., 166 AD3d 560, 561 [1st Dept 2018]). The child also expressed that she was scared when her father became angry and wanted the visits to remain supervised, and while the child's wishes are not controlling, they are entitled to considerable weight (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). Furthermore, the father has a prior finding of neglect against him directly related to his violent actions (see 99 AD3d 475 [1st Dept 2012]), and there was a lack of evidence indicating that he had made attempts to overcome such behavior.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK