Matter of Michael J.M. v Antoinette T. (2019 NY Slip Op 05084)





Matter of Michael J.M. v Antoinette T.


2019 NY Slip Op 05084


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9716

[*1]In re Michael J.M., Petitioner-Appellant,
v
Antoinette T., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Cahill Gordon & Reindel LLP, New York (Merriam Mikhail of counsel), for respondent.



Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about January 24, 2018, which, after a hearing, denied petitioner father's motion for unsupervised visitation, unanimously affirmed, without costs.
The Family Court's determination that continuing supervised visitation at the father's aunt's house was in the best interest of the subject child has a sound and substantial basis in the record and should not be disturbed (Linda R. v Ari Z., 71 AD3d 465, 465-466 [1st Dept 2010]). Despite having multiple opportunities over a year-long period, petitioner failed to educate himself about how to address the child's special needs, and how to provide proper care for her when she is with him. The daughter has serious developmental disabilities including cerebral palsy, autism, asthma, sleep apnea, and speech defects. She attends a special school designed to address her needs, and she has a history of not reporting high fevers which have required medical attention. As the father's aunt is a nurse, visits at her home ensure proper care in case of a medical emergency.
Notably, the court recognized that the father had made strides to understand and meet his child's special needs, but he was not yet equipped to care for her alone. The father was granted leave to reapply to modify the custody order if he sufficiently educated himself about how to address the child's needs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK