Matter of Edward L. v Jasmine M. (2019 NY Slip Op 07148)





Matter of Edward L. v Jasmine M.


2019 NY Slip Op 07148


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9993

[*1]In re Edward L., Petitioner-Appellant,
v
Jasmine M., Respondent-Respondent.


Steven N. Feinman, White Plains, for appellant.
The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about October 17, 2018, which, to the extent appealed from as limited by the briefs, granted petitioner four annual supervised visits with the subject children approximately three months apart for two hours each, and ordered that the children may have additional visits with petitioner in their discretion, unanimously affirmed, without costs.
The Family Court's determination that four annual supervised visits is in the best interest of the subject child has a sound and substantial basis in the record and should not be disturbed (Linda R. v Ari Z., 71 AD3d 465, 465-466 [1st Dept 2010]; see also Matter of Custer v Slater, 2 AD3d 1227, 1228 [2d Dept 2003]). The record showed that the father has a history of being unable to control his anger, using corporal punishment on the children and screaming and speaking poorly of their mother during phone calls, causing them distress. Accordingly, Family Court providently determined that unsupervised visitation would have a negative impact on the children's physical and emotional well-being (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610, 610 [1st Dept 2016]; Matter of Arelis Carmen S. v Daniel H., 78 AD3d 504, 504 [1st Dept 2010], lv denied 16 NY3d 707 [2011]; Matter of Frank M. v Donna W., 44 AD3d 495, 495 [1st Dept 2007]). In addition, while the children's wishes are not controlling, they are entitled to considerable weight and both children expressed through their attorney that they do not wish to have a significant relationship with their father (see Matter of Madison H. [Demezz J.H.], 173 AD3d 458, 459 [1st Dept 2019]; Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
The Family Court did not improperly delegate its authority by leaving to the children's discretion whether they wanted to have visits or telephone contact with their father outside of the mandatory four annual supervised visits (see Matter of Don B. v Camilla E., 164 AD3d 1144, 1145 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK