Mathiew v Michels (2020 NY Slip Op 00815)





Mathiew v Michels


2020 NY Slip Op 00815


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10879 310704/17

[*1] Eugenie Mathiew, Plaintiff-Respondent,
v
Joseph G. Michels, Defendant-Appellant.


Bikel & Schanfeld, New York (Dror Bikel of counsel), for appellant.
Dobrish Michaels Gross LLP, New York (Nina S. Gross of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered July 11, 2019, which, inter alia, after a trial, granted plaintiff mother's application to relocate with the parties' minor children to London, England, for one year, unanimously affirmed, without costs.
This case, involving a petition for relocation, falls into that category of cases which "present some of the knottiest and most disturbing problems that our courts are called upon to resolve" (Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]). Because there was no prior custody order in place at the time of the mother's relocation petition, the test that should have been applied here is that of the best interests of the children, and relocation is but one factor in determining the children's best interests (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]; see also Arthur v Galletti, 176 AD3d 412 [1st Dept 2019]; Matter of Saperston v Holdaway, 93 AD3d 1271 [4th Dept 2012], appeal dismissed 19 NY3d 887 [2012]). However," in reviewing relocation and other custody issues, deference is to be accorded to the determination rendered by the factfinder, unless it lacks a sound and substantial basis in the record'" (Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008], quoting Yolanda R. v Eugene I.G., 38 AD3d 288, 289 [1st Dept 2007]; see also Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]; Matter of Alaire K.G. v Anthony P.G., 86 AD3d 216, 220 [1st Dept 2011]). Thus, while this appeal presents some admittedly difficult issues, with which the trial court clearly struggled, we find that the court's decision to allow the mother to relocate to London with the children for one year has a sound and substantial basis in the record.
The record shows that the mother obtained employment in London in reliance on defendant father's representation that the family would move there if she found a job with a certain salary. Furthermore, she had an apartment in London; her family, who lived nearby, was going to provide practical and emotional support; and the children spent a significant amount of time there every year with their grandmother, aunt and cousins. Moreover, the record shows that the mother, as the primary caregiver, will not engage in "negative gatekeeping" and will continue to work towards strengthening the relationship between the children and their father.
In contrast, the father, who was employed by a company with an office in London, failed to provide any evidence as to why he could not work in the firm's London office. Although he maintained that a move from New York would uproot the children, he had no such concerns when he was considering a move to Texas and Massachusetts that would have benefitted his own career.
We have considered the father's remaining arguments and find them unavailing. We [*2]therefore affirm the trial court's order granting the mother's petition for relocation, with continued oversight and implementation of the relocation to be conducted by Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK