Matter of Bisoh C. v Valentine S. (2020 NY Slip Op 03720)





Matter of Bisoh C. v Valentine S.


2020 NY Slip Op 03720


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11731 -27697/12

[*1] In re Bisoh C., Petitioner-Respondent,
v
Valentine S., (Deceased), Respondent, Shamea L., Respondent-Appellant.


Daniel R. Katz, New York, for appellant.
Steven P. Forbes, Jamaica, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about October 13, 2015, which, after an extraordinary circumstances hearing and a best interests hearing, granted the petition for sole custody brought by the stepmother, with supervised visitation to respondent mother, unanimously affirmed, without costs.
The court properly found that the stepmother demonstrated the requisite extraordinary circumstances to be granted standing to petition for custody of the child (see Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]). The child and the stepmother resided with the child's father in the same household for approximately three years before the father died in 2012. After the father's death, the stepmother assumed all responsibility for the child, providing for his emotional, medical, educational and financial needs. In contrast, the mother has not cared for the child on a daily basis since he was four months old, and has had only supervised visits with him (see Roberta P. v Vanessa J.P., 140 AD3d 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). Further, a finding of neglect had been entered against her for committing an act of domestic violence against the father in the child's presence and threatening to kill the child.
The record supports the court's determination that it is in the child's best interests to remain in his stepmother's custody (see Matter of Bennett, 40 NY2d at 548). Since she joined the father's household, the stepmother has been supporting the child, providing a stable home for him, and taking care of his educational and medical needs.
The determination that supervised visitation with the mother is in the child's best interests has a sound and substantial basis in the record (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610 [1st Dept 2016]). There is evidence that, even in a supervised setting, the mother, who has struggled with mental health issues, was not able to handle the needs of both her sons simultaneously on her own. Moreover, she has never acknowledged that her own actions resulted in the subject child's removal from her care. Although the mother was attending therapy, the evidence at trial supported a finding that, at the time of trial, she had limited insight [*2]into how her condition affected her ability to parent and she continued to struggle with interpersonal skills, low frustration tolerance, and poor impulse control when under stress.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK