Matter of Lashawn K. v Administration for Children's Servs. (2023 NY Slip Op 05662)

Matter of Lashawn K. v Administration for Children's Servs.

2023 NY Slip Op 05662

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

V-02766-19 Docket No. V-02766-19 Appeal No. 740-M-3850 Case No. 2022-00258 

[*1]In the Matter of Lashawn K., Petitioner-Appellant,
v
Administration for Children's Services et al., Respondents-Respondents. Empire Justice Center and the LGBTQ Advocacy Clinic at Brooklyn Law School, Amicis Curiae.

New York Legal Assistance Group, New York (Jacquelin Hacker of counsel), for appellant.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for respondents.
Karen Freedman, Lawyers for Children, Inc, New York (Shirim Nothenberg of counsel), and Locke Lord LLP, New York (Ira G. Greenberg of counsel), attorney for the child.
LGBTQ Advocacy Clinic, BLS Legal Services, Brooklyn Law School, Brooklyn (Susan Hazeldean of counsel), for amicus curiae.

Order, Family Court, New York County (Jessica Brenes, Ref.), entered on or about December 14, 2021, which, after a hearing, dismissed Lashawn K.'s petition for custody and visitation of the subject child with prejudice for lack of standing, unanimously reversed, on the law, without costs, and petitioner's custody and visitation petitions remanded for a further hearing on extraordinary circumstances.
As a prerequisite to seeking custody or visitation with a child, a party must establish standing. The party may establish standing (1) as a parent pursuant to Domestic Relations Law § 70; (2) as a sibling for visitation pursuant to Domestic Relations Law § 71; (3) as a grandparent for visitation or custody pursuant to Domestic Relations Law § 72; or (4) by showing extraordinary circumstances pursuant to Matter of Bennett v Jeffreys (40 NY2d 543 [1976]) (see Matter of Tomeka N.H. v Jesus R., 183 AD3d 106 [4th Dept 2020], lv denied 36 NY3d 909 [2021]).
In Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1 [2016]), the Court of Appeals expanded the definition of the word "parent" to include a nonbiological, nonadoptive parent who has demonstrated by clear and convincing evidence that "the parties agreed to conceive a child and to raise the child together" (id. at 14). Family Court determined after a hearing that petitioner failed to establish the existence of an enforceable pre-conception agreement to conceive and co-parent the subject child with the child's biological mother. The child's biological mother unexpectedly died only months after the child was born and before she and petitioner were to be married.
However, Family Court erred in dismissing petitioner's custody and visitation petitions without permitting petitioner the opportunity to present evidence supporting her argument that she had standing based on extraordinary circumstances. Indeed, the Referee stated on the record during the hearing that she agreed with the biological father's position that petitioner could only present extraordinary circumstances evidence after she established that she had standing. This is an error of law, as extraordinary circumstances is one of several bases for standing to seek custody and visitation.
Extraordinary circumstances may be found where there has been "a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (Matter of Bennett v Jeffreys, 40 NY2d at 549; see also Matter of Bisoh C. v Valentine S., 185 AD3d 409 [1st Dept 2020]; Matter of Virgilio M. v Jasmin R., 172 AD3d 430 [1st Dept 2019]; Matter of Kathy C. v Alonzo E., 157 AD3d 503 [1st Dept 2018]; Matter of Jamal S. v Kenneth S., 143 AD3d 555 [1st Dept 2016]).
We therefore reverse and remand the case to Family Court for a further hearing on whether petitioner can establish standing based on extraordinary [*2]circumstances.
M-3850 - Lashawn K. Amanda T., et al.
Motion for leave to file amicus brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023