Matter of Stephanie C. v Ricardo E. (2024 NY Slip Op 05399)

Matter of Stephanie C. v Ricardo E.

2024 NY Slip Op 05399

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. V-21452/18 V-35210/18 Appeal No. 2928 Case No. 2022-04782 

[*1]In the Matter of Stephanie C., Petitioner-Respondent,
v
Ricardo E., Respondent-Appellant. 

Andrew J. Baer, New York, for appellant.
Law Office of Brian Greenberg, LLC, New York (Bryan Greenberg of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

Order, Family Court, Bronx County (Rosanna Mazzotta, Ref.), entered on or about October 12, 2022, which, to the extent appealed from, after a hearing, granted petitioner mother's sole legal custody of the subject child and granted parenting access time to respondent father, unanimously modified, on the law and the facts, to remand the matter for further proceedings to establish a more specific access schedule for the father consistent with this decision, and for inclusion of a provision giving each parent phone or video contact with the child at specific times and for specific periods of time while the child is with the other parent, and otherwise affirmed, without costs.
Family Court failed to make factual findings supporting its award of sole legal custody to the mother.[FN1] However, since our authority is as broad as that of the trial court and the record is adequate to permit our review, we will make our own factual findings, which are set forth below. Those findings support the court's legal conclusions, and accordingly, we affirm its award of legal custody to the mother (see e.g. Newtown v McFarlane, 174 AD3d 67, 80 [2d Dept 2019]).
We find, based on the mother's uncontroverted testimony, that the mother served as the child's primary caretaker since her birth, provided her with a stable and loving home, and took care of all of her needs (see Matter of Paul D. v Margarita O., 227 AD3d 439 [1st Dept 2024]). The mother also enrolled the child in school, kept in contact with her teachers, arranged and attended her medical appointments, and paid for her health insurance. We further find, based on the testimony of both parties, that they did not communicate with each other and that their relationship was characterized by acrimony and mistrust (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). Thus, Family Court's order, awarding sole legal and primary physical custody to the mother with visitation and access to the child's medical and educational records to the father, has a sound and substantial basis in the record (see Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]; Matter of Gregory L.B. v Magdelena G., 68 AD3d 478, 479 [1st Dept 2009]).
The court providently granted the father access with the child on alternating weekends and "shared" holidays and school vacations, as this had been the longstanding parenting time schedule and provided the child with continuity and stability (see e.g. Weisberger v Weisberger, 154 AD3d 41, 54 [2d Dept 2017]). While the father argues that he should have been granted mid-week visits, his testimony shows that his work schedule had previously interfered with his ability to visit with the child during the week (see e.g. Matter of Ian C. v Desery C., 161 AD3d 621, 622 [1st Dept 2018]).
However, as the parties requested, Family Court should have set forth a more precise schedule for the father's access time on weekends, as well as [*2]on the child's birthday, holidays, and school vacation time. In addition, the order should have directed that each parent have parental phone or video contact with the child at specific times and for specific periods of time while she is with the other parent (see Kimberly J. v Benjamin G., 227 AD3d 471, 472 [1st Dept 2024]; Margaret R.-K. v Kenneth K., 136 AD3d 530, 531 [1st Dept 2016]).
Accordingly, we remand for further proceedings as necessary to issue an amended custody order directing a specific parenting schedule for alternate weekends, holidays, and school breaks, including drop off and pick up locations and times, and setting parameters for telephone or video contact with the child by each parent when the child is with the other parent.
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024

Footnotes

Footnote 1: The court also awarded primary physical custody to the mother, but we need not address that as the father does not appeal from it.