Matter of Richard I. v Leyda D. (2024 NY Slip Op 05538)

Matter of Richard I. v Leyda D.

2024 NY Slip Op 05538

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Docket No. V-01289-12/19, V-27554-10/19 Appeal No. 2996 Case No. 2023-04301 

[*1]In the Matter of Richard I., Petitioner-Respondent,
v
Leyda D. Respondent-Appellant.

Anne Reiniger, New York, for appellant.
Daniel X. Robinson, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about July 28, 2023, which, to the extent appealed from as limited by the briefs, modified the prior order of custody and visitation, dated July 7, 2016, to require the mother to have virtual supervised therapeutic visitation with the subject child, unanimously affirmed, without costs.
Family Court's determination that supervised therapeutic visitation with the mother would be in the child's best interest has a sound and substantial basis in the record (see Matter of Sean B. v Erica C., 175 AD3d 1193 [1st Dept 2019]; Matter of Arcenia K. v Lamiek C., 144 AD3d 610, 610 [1st Dept 2016]). The court relied on the father's testimony, the child's hospital records, and evidence of the child's emotional and psychological issues, which the mother was unwilling to address, as well as evidence that the mother's actions were having a negative effect on the child's well-being (see Matter of Frank M. v Donna W., 44 AD3d 495, 495 [1st Dept 2007]; Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). The court appropriately considered the wishes of the teenaged child to have limited contact with his mother (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), who had moved to Florida during the pendency of the matter (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
The mother further contends that Family Court violated her due process rights when it granted the father temporary custody of the subject child, issued a temporary order limiting her to agency-supervised visits, and issued a temporary order limiting visitation to therapeutic supervised visitation without conducting separate hearings. The temporary orders of custody and visitation, however, are rendered moot by the final custody and visitation order, which was issued at the conclusion of an extensive and lengthy trial in which the mother both testified and proffered documentary evidence. The final order of custody and visitation superseded these temporary orders (see Matter of Johanna Del C.T. v Gregorio A.L., 178 AD3d 430, 431 [1st Dept 2019]). Moreover, the mother's arguments regarding the temporary orders fail to warrant an exception to the mootness doctrine (see Matter of Grace E.-J. v Robert J.-R, 158 AD3d 509, 510 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024