Matter of Adekunle D.D. v Luxury M.D. (2025 NY Slip Op 00373)

Matter of Adekunle D.D. v Luxury M.D.

2025 NY Slip Op 00373

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. V-31047/19 V-15602/22 V-31047-19/22A V-31047-19/22B Appeal No. 3547 Case No. 2024-02956 

[*1]In the Matter of Adekunle D.D., Petitioner-Respondent,
v
Luxury M.D., Respondent-Appellant. 

Larry S. Bachner, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about April 8, 2024, which, to the extent appealed as limited by the briefs, after a fact-finding hearing, granted petitioner father's petition for sole legal and physical custody of the subject child with permission to relocate to Texas, unanimously affirmed, without costs.
Family Court's decision to award sole legal custody to the father is supported by a sound and substantial basis in the record (see Matter of Keoshia R. v Lamont D., 191 AD3d 614, 615 [1st Dept 2021]). Although the record shows that the child had a good relationship with both parents, Family Court properly determined that joint custody was not appropriate in this case (see Matter of Tylaeya C. v Karl S., 187 AD3d 402, 402 [1st Dept 2020]; Matter of Jamel W. v Stacey J., 136 AD3d 552, 552 [1st Dept 2016]). The mother was palpably hostile toward the father, refused to make any joint decisions concerning the child, repeatedly and falsely accused him of sexually abusing the child, interfered with his ability to visit the child and maintain a relationship with her, and actively blocked him from obtaining any information from the child's school.
Further, the court properly concluded that the father was better equipped to meet the child's emotional, educational, and medical needs (see Matter of Alfredo J.T. v Jodi D., 120 AD3d 1138, 1139 [1st Dept 2014]). The mother admitted that she failed to enroll the child in kindergarten and could not explain why the child was instead enrolled in first grade. When she eventually registered the child, she failed to do so on time, which caused the child to miss the first week of classes, and she admitted that the child was occasionally late to school. Although the mother claimed that the child was up to date on her vaccinations, the father credibly testified that he had to take the child for additional vaccinations to enroll her in school in Texas. Finally, not only did the mother pressure the child to say that the father had engaged in inappropriate behavior with her while she was in his care, but she also lacked insight into the how this behavior could affect the child's mental health and her relationship with her father.
Additionally, the evidence showed that, despite the parents' contentious relationship, the father had been flexible and open to facilitating contact between the mother and the child and showed a willingness to promote their relationship (see Matter of Nadine T. v Lastenia T., 161 AD3d 491, 493 [1st Dept 2018]). He made an effort to reach out to the mother during the child's extended summer stay with him and was committed to ensuring that the child would have easy and independent access to the mother if she were to live with him.
The court properly weighed relocation as a factor in the child's best interests (see Mathiew v Michels, 180 AD3d 403, 404 [1st Dept 2020]). The record demonstrates that the father's motivation for relocating to Texas was driven [*2]by financial and career considerations, rather than animosity toward the mother or a desire to keep the child away from her. He was able to buy a three-bedroom home with a separate bedroom for the child and intended to have the paternal grandmother live with them to help with childcare. The father also secured a suitable school for the child.
There is a sound and substantial basis in the record for Family Court's determination that the child's bests interests are served by four annual supervised visits with the mother (see Matter of Stanley G.M. v Ivette B., 181 AD3d 434, 435 [1st Dept 2020]; Matter of Arcenia K. v Lamiek C., 144 AD3d 610, 610 [1st Dept 2016]). Contrary to the mother's proclamation that the visitation portion of the order amounted to a de facto termination of her parental rights, supervised visitation does not constitute a deprivation of meaningful access to the child (see Matter of Arcenia K., 144 AD3d at 610). The court relied on the mother's testimony, which highlighted her active attempts to prevent the father from obtaining information from the child's school, her failure to comply with the court-ordered visitation, and her repeated allegations of sexual abuse against the father — allegations that were unsubstantiated by multiple investigations. The mother further failed to acknowledge that her actions led to the child's removal from her care in 2018. She denied having mental health related issues, she was not attending therapy, and she showed limited insight into how her actions affected both her child and the child's relationship with the father (see Matter of Bisoh C. v Valentine S., 185 AD3d 409, 410 [1st Dept 2020]).
To the extent the mother contends that the attorney for the child rendered ineffective assistance of counsel when she substituted judgment and consented to the child's extended visit to Texas, the argument is unpreserved, and we decline to review it (see Matter of Elizabeth F. v Wilfredo F., 220 AD3d 615, 616 [1st Dept 2023]).
We have reviewed the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025