Barone v Barone (2025 NY Slip Op 05186)

Barone v Barone

2025 NY Slip Op 05186

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 300812/19|Appeal No. 4776|Case No. 2023-01915|

[*1]Marisa Barone, Plaintiff-Respondent,
v
Michael Barone, C., Defendant-Appellant.

Law Offices of Eyal Talassazan, P.C., Garden City (Eyal Talassazan of counsel), for appellant.
Hodgson Russ LLP, New York (Jacqueline I. Meyer of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered December 19, 2022, which, to the extent appealed from as limited by the briefs, granted defendant father CFS supervised therapeutic visits with the subject child on alternate weekends for five hours, to be arranged and paid for by the father, and directed the father to follow all of the recommendations of the forensic psychiatrist as delineated in the December 5, 2021 psychiatrist's report, unanimously affirmed, without costs.
"It is well settled that the question of a child's best interest, the foremost consideration in matters of custody and visitation, is within the discretion of the trial court whose determination will not be set aside unless it lacks a sound and substantial evidentiary basis" (Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007] [internal quotation marks omitted]). Here, Supreme Court's determination that supervised visitation is in the best interests of the child is supported by the record and that determination should not be disturbed (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610 [1st Dept 2016]). Together with its own observations of the father during the eight-day trial, the court relied on plaintiff mother's credible and uncontroverted testimony about the father's inappropriate parenting actions, such as leaving the child at home alone at a very young age, becoming angry easily with both the mother and child, and driving while intoxicated with the child in the car. There was also uncontroverted testimony that the father used prescribed medications with alcohol and that his drinking had increased after the child's birth. Testimony from other family members was consistent with the mother's testimony. Additionally, the forensic psychiatrist was concerned about the impact of the combination of the prescribed medications and alcohol, which exposed the child to further risks and unsafe behavior. Moreover, there was a prior two-year order of protection for the mother against the father. Thus, there is substantial evidence in the record that the child's safety and well-being were at risk, necessitating supervised visitation (see Matter of Frank M., 44 AD3d at 495-496).
The father's argument that the cost of supervised visitations should be divided between the parties is being raised for the first time on appeal and there is nothing in the record to ascertain if the father's claim is accurate, much less persuasive (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [1st Dept 2009]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025