Matter of Christine B. v Antonio G. (2025 NY Slip Op 05452)

Matter of Christine B. v Antonio G.

2025 NY Slip Op 05452

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Docket No. V-27712/23|Appeal No. 4844|Case No. 2024-07379|

[*1]In the Matter of Christine B., Petitioner-Respondent,
v
Antonio G., Respondent-Appellant.

Carol Kahn, New York for appellant.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for respondent.
Dawn A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney or the child.

Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about November 13, 2024, which, to the extent appealed from as limited by the briefs, following a fact-finding hearing, granted respondent father biweekly supervised visits with the subject child, unanimously affirmed, without costs.
As an initial matter, only the visitation portion of the order is at issue on appeal, as the father consented to the mother being awarded sole legal and physical custody (see Matter of Marquise T.S. v Shantae R.R., 233 AD3d 556, 556 [1st Dept 2024]). The court's determination that supervised visitation is in the best interests of the child has a sound and substantial basis in the record (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610, 610 [1st Dept 2016]).
The court properly considered the two prior findings that the father had neglected the child by using excessive corporal punishment. The court also considered the father's continued lack of insight into how his past conduct may have harmed his relationship with the child and caused the child emotional trauma. Notably, despite participating in multiple services, the father refused to accept any responsibility for the child's fear of him or even address this issue with his therapist. The court observed that it was particularly struck by the father's lack of empathy for the child. There is no basis to disturb the court's credibility determinations.
The father's contention that Family Court erred in making the custody determination without ordering a forensic evaluation is unpreserved for appellate review because he never requested it at any point during the proceeding (see Matter of Pedro C. v Michelle R., 220 AD3d 561, 562 [1st Dept 2023]). In any event, the decision to obtain a forensic evaluation lies within the sound discretion of the Family Court (id.). The father has not demonstrated that a forensic evaluation was warranted in this case. The court presided over both the underlying neglect proceeding and the subsequent custody matter over a two-year period and was therefore well-acquainted with the facts and the parties. In addition, the court conducted a thorough in-camera interview with the child, who was 11 years old at the time, and had sufficient information to render a well-informed parental access determination.
Contrary to the father's contention, the visitation order, which provides for biweekly supervised visits, is not conditioned on the child's wishes (see William-Torand v Torand, 73 AD3d 605, 606 [1st Dept 2010]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025