Matter of N.D. (M.C.) (2025 NY Slip Op 06645)

Matter of N.D. (M.C.)

2025 NY Slip Op 06645

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Docket No. 04202-22|Appeal No. 5257|Case No. 2024-06025|

[*1]In the Matter of N.D., A Child Under Eighteen Years of Age, etc., M.C., Respondent, G.D., Nonparty-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Donna C. Chin, New York, attorney for the child.

Order, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about September 11, 2024, which, after a hearing, granted the Administration for Children's Services' application to suspend in-person visitation between the non-respondent father and the subject child, and granted agency-supervised virtual visitation only, unanimously affirmed, without costs.
Family Court's determination that it was in the child's best interest to direct supervised virtual visitation in lieu of in-person visitation, pending further order, has a sound and substantial basis in the record (see Matter of K.M.P. v A.D., 235 AD3d 495, 496 [1st Dept 2025]; Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]). The credible evidence shows that the father's visitation had been intermittent, and during visits, he used profanity and disparaged and threatened the child's mother and foster mother, placing the child at risk of emotional harm and presenting safety concerns around visitation. The father had a history of noncompliance with multiple orders of protection issued on behalf of the child's mother. He also continued to test positive for cocaine, marijuana, and alcohol, and admittedly brought marijuana wrapped in a sweater to a visit with the child.
There is no basis to conclude that the court abused its discretion in directing that the father's supervised visitation be virtual, as opposed to in-person, at this time, nor any basis to remand the matter to another Family Court judge for a determination of a visitation schedule, especially given the father's sporadic attendance. These determinations should be accorded great deference because "the court was in the best position to evaluate the testimony, character, and sincerity" of the father and the other witnesses (Matter of K.M.P., 235 AD3d at 496).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025