■ In the Matter of DANIEL O. and Another, Infants. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; JAQUAN O. et al., Respondents. [33 NYS3d 894]—

Orders, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about April 8, 2016, which, to the extent appealed from, granted respondents' motion for unsupervised

visitation of the subject children during the pendency of the abuse and neglect proceedings against them, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion denied.

Family Court's determination lacks a sound and substantial basis in the record, which shows that unsupervised visitation would not be in the children's best interests (see Family Ct Act § 1030 [c]; Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]). The abuse and neglect petitions against respondents, the children's biological parents, are grounded in the life-threatening head injuries and rib fractures sustained by one of the children when he was only three months old and in respondents' exclusive care. Family Court granted unsupervised visitation even though a fact-finding hearing on the petitions had not yet been conducted. Given the serious allegations of abuse committed against the eldest child, it was an improvident exercise of discretion for Family Court, without the benefit of a full fact-finding hearing, to order unsupervised visitation (Matter of Frank M., 44 AD3d at 495; Matter of Bree W. [Jennifer F.], 98 AD3d 522 [2d Dept 2012]). It would be in the children's best interests to continue with supervised visitation pending a full fact-finding hearing and final determination of the petitions (Matter of Bree W., 98 AD3d at 523). Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.