Matter of Abass D. (Mamadou D.--Sitan D.) (2018 NY Slip Op 07968)





Matter of Abass D. (Mamadou D.--Sitan D.)


2018 NY Slip Op 07968


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7685

[*1]In re Abass D., and Others, Children under the Age of Eighteen Years, etc., New York City Administration for Children's Services, Mamadou D., et al., Respondents-Respondents, Sitan D., Respondent.


Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for appellant.
Michele Cortese, Center for Family Representation, Inc., New York (Claibourne Henry of counsel), for Mamadou D., respondent.
Neighborhood Defender Service of Harlem, New York (Jessica Brierly-Snowden of counsel), for Karidja D., respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about May 11, 2018, which expanded respondents' visitation with the subject children to unsupervised day visits on the condition that no other adults are present unless cleared by petitioner, unanimously reversed, on the law, without costs, and the order vacated.
Petitioner's appellate arguments were adequately preserved.
Family Court's determination that respondents should have unsupervised visitation with the children lacks a sound and substantial basis in the record, which, to the contrary, shows that unsupervised visitation is not in the children's best interests (see Family Court Act § 1030[c]; Matter of Daniel O. [Jaquan O.], 141 AD3d 434 [1st Dept 2016]). Respondents continue to refuse to admit or even to acknowledge the possibility that the children, all of whom tested positive for sexually transmitted diseases (STD), were sexually abused. Even as recently as May 2018, and although they ostensibly had participated in various services and counseling, the parents continued to offer implausible explanations for the children's medical condition. This failure, coupled with the father's argument that his negative STD test results exonerate him from any culpability for the children's condition, compels the conclusion that the parents will not acknowledge their role in the children's contracting STDs and thus that they continue to pose a risk to the children (see Matter of Joseph P. [Cindy H.], 112 AD3d 553 [1st Dept 2013]). While the father may have been out of the country, as he asserts, when his daughter Djeneba tested positive, there is no evidence in the record of the date on which she, or any of her siblings, contracted the STD. Nor is it possible on this record to determine whether the father was treated for STDs before testing negative.
In November 2017, Family Court (Ta-Tanisha James, J.) denied the parents' application pursuant to Family Court Act § 1028 to have the children returned to their care. Since then there has been no change in the circumstances upon which the denial of that application was based. [*2]The court (Frias-Colon, J.) issued the instant order without benefit of a full fact-finding hearing, apparently to avoid delay and stagnation in the proceeding. This justification is inadequate. The permanency reports and treatment updates before the court reiterated the parents' ongoing inability to acknowledge that their children had been sexually abused and did not advocate unsupervised visitation. In view of the gravity of the allegations and the parents' attitude toward, and role in, the events at issue, we find that the court abused its discretion in ordering unsupervised visitation on the record before it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK